UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CESAR AUGUSTO TERAN
RIVAS,

        Petitioner,

v.                                 Case No.   2:26-cv-2114-SPC-NPM

WARDEN, GLADES COUNTY
DETENTION CENTER, et al.,

        Respondents.

                                      /

## **OPINION AND ORDER**

Before the Court are Petitioner Cesar Autusto Teran Rivas's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 5).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

Teran Rivas is a native and citizen of Venezuela who was paroled into the United States on October 11, 2024.  (Doc. 5 at 2). On June 17, 2026, he was encountered by Immigration and Customs Enforcement (ICE) at the Naples Jail Center after his arrest for having an expired driver's license. (*Id.*) Teran Rivas has a pending application for asylum. (Doc. 1 at 6). His first hearing in removal proceedings is scheduled for August 11, 2025. (*Id.*) He seeks, among

other things, an 8 U.S.C. § 1226(a) bond hearing before an immigration judge. (Doc. 1 at 16).

Respondents note that Petitioner is being detained under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A) because he was originally stopped at the border upon entry. (Doc. 5 at 4). They recognize however that:

> Courts have rejected this argument in light of the Eleventh Circuit's recent precedential decision [in *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026)] finding no distinction between an arriving alien who is then paroled into the country and an alien encountered in the interior.

(Doc. 5 at 5). Thus, "[w]hile reserving all rights, including the right to appeal on the issue of the proper detention authority for aliens like Petitioner who are present in the United States unlawfully, Federal Respondents acknowledge *Hernandez Alvarez* is binding on this Court." (*Id.* at 6). They request "a reasonable period of seven working days to arrange an individualized bond hearing." (*Id.*)

The Court will thus order Respondents to either release Teran Rivas or bring him before an immigration judge within ten days for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community. To satisfy this Order, the hearing must include— and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006). Teran Rivas's counsel (if any) must receive at least 48

hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. If Respondents are unable to ensure that Teran Rivas timely receives the meaningful and thorough bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is

**ORDERED:**

1. Cesar Augusto Teran Rivas' Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2. Within **TEN DAYS,** Respondents shall either provide Teran Rivas with the statutory process required under § 1226—which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.

3. If Respondents release Teran Rivas, they shall facilitate his transportation from the detention facility by notifying his counsel or family of when and where he may be collected.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4